UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-CIV-62798

ORLANDO CAMACHO,

    Plaintiff,

vs.

PRECISE STRIPES "LLC",
MANUEL J. LOPEZ, and
PABLO BAYONA,

    Defendants.
_____/

## COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)

    Plaintiff, Orlando Camacho, sues Defendants, Precise Stripes "LLC", Manuel J. Lopez, and Pablo Bayona, as follows:

### *Parties, Jurisdiction, and Venue*

    1.    **Plaintiff, Orlando Camacho**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

    2.    Mr. Camacho consents to participate in this lawsuit.

    3.    Mr. Camacho was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

    4.    Mr. Camacho was a non-exempt employee of Defendants.

    5.    **Defendant, Precise Stripes "LLC",** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Broward County, Florida, at all times material, where it maintains its principal place of business.

    6.    **Defendant, Manuel J. Lopez,** was at all times material the Owner of Precise

1

Stripes "LLC", for the time period relevant to this lawsuit. He ran Precise Stripes "LLC"'s day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages.

7. **Defendant, Pablo Bayona,** was at all times material the Owner of Precise Stripes "LLC", for the time period relevant to this lawsuit. He also ran Precise Stripes "LLC"'s day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

8. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

9. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendant, Precise Stripes "LLC", maintained its principal place of business in this District, because all information returns were issued to Plaintiff in this District, Plaintiff worked and was due to be paid in Browad County, and because most if not all of the operational decisions were made in this District.

10. Defendants, Precise Stripes "LLC", Manuel J. Lopez, and Pablo Bayona, were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d). All three Defendants employed Plaintiff.

11. This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331 26 U.S.C. §201, *et seq*.

### Background Facts

12. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used

2

instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

13. In particular, Defendants own and operate a company that provides residential and commercial parking lot painting, sealcoating, paving, and drainage, roadway striping, lighting, civil engineering, concrete, and signage creation and installation.

14. Defendants have been at all times material engaged in interstate commerce in the course of their provision of construction, asphalt, concrete, and related services which, traditionally, cannot be performed without using goods, materials, supplies, thermoplastic coatings, beads, paints, machinery, and equipment that have all moved through interstate commerce.

15. Defendants also engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

16. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

17. Defendants advertise their services online at https://precisestripes.com/, a website that they registered with Wild West Domains, LLC, a foreign corporation.

18. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
www.fairlawattorney.com

19. Plaintiff worked for Defendants from about July 2019 to October 31, 2019. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

20. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his regularly and recurrently striping machinery, beads, thermoplastics, paints, and other goods and supplies that moved through interstate commerce.

21. Plaintiff would regularly and recurrently handle beads, thermoplastics, paints, and other materials and supplies provided by Defendants that moved through interstate commerce.

22. Defendants would pay Plaintiff an hourly rate of $15.00 during his employment with Defendants.

23. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

### *Liability*

24. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular hourly rate(s) of pay for all of the hours that he worked beyond 40 hours in a given workweek.

25. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay for each of the overtime hours he worked during the relevant time period by paying him in check for all hours worked over 40 in a workweek at his regular rate of pay.

26. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which the deprived Plaintiff the overtime pay earned.

27. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

28. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

29. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Orlando Camacho, demands the entry of a judgment in his favor and against Defendants, Precise Stripes "LLC", Manuel J. Lopez, and Pablo Bayona, jointly and severally, after trial by jury and as follows:

   a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

   b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

   c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

   d. That Plaintiff recover all interest allowed by law;

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
www.fairlawattorney.com

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 8th day of November, 2019.

        Respectfully Submitted,

        s/*Brian H. Pollock, Esq.*
        Brian H. Pollock, Esq. (174742)
        brian@fairlawattorney.com
        FAIRLAW FIRM
        7300 North Kendall Drive
        Suite 450
        Miami, FL 33156
        Tel:  305.230.4884
        *Counsel for Plaintiff*